KATHRYN C. WANNER, (Cal. Bar No. 269310)
Email: wannerk@sec.gov
TERI M. MELSON (Cal. Bar No. 185209)
Email: melsont@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katharine Zoladz, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PROFIT CONNECT WEALTH SERVICES, INC., JOY I. KOVAR, and BRENT CARSON KOVAR,<br><br>Defendants. | Case No. 2:21-cv-01298-JAD-BNW<br><br>**ORDER GRANTING STIPULATION TO MODIFY TEMPORARY RESTRAINING ORDER TO (1) CONTINUE THE HEARING ON THE SEC'S MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR A RECEIVER; (2) CONTINUE THE TERMS OF THE TEMPORARY RESTRAINING ORDER; (3) APPOINT A TEMPORARY RECEIVER; (4) REQUIRE ACCOUNTINGS; AND (5) ALLOW MUTUAL LIMITED EXPEDITED DISCOVERY**<br><br>**(First Request)**<br><br>[ECF No. 21] |

My order at ECF No. 22 granting defendants Profit Connect Wealth Services, Inc. (Profit Connect), Joy I. Kovar, and Brent Carson Kovar's emergency motion for an extension was entered shortly after the parties filed their stipulation at ECF No. 21 concerning the same issues. Because these filings passed by each other, I was not aware of the parties' stipulation until after my order had been entered.  Because it is the product of their negotiations, the parties' stipulation is more robust than my order granting defendants' emergency motion for a continuance and should, therefore, supersede and replace it.  So based on the parties' stipulation [ECF No. 21] and good cause appearing, IT IS THEREFORE ORDERED that:

I. **Continuance of Preliminary Injunction Hearing**

   1. That the July 26, 2021 hearing on the SEC's motion for a preliminary injunction and motion to appoint a receiver is continued for two weeks to **August 9, 2021, at 4:00 p.m.**  Defendants must file any response to those motions **by July 28, 2021**, and the SEC must file any reply **by August 4, 2021**.

II. **Stipulation to Extend the Terms of the Temporary Restraining Order**

   1. That the terms of the Temporary Restraining Order [ECF No. 9] are extended through and until 5:00 p.m. on August 9, 2021, or until the Temporary Restraining Order is converted into a preliminary injunction.

III. **Appointment of a Temporary Receiver over Defendant Profit Connect**

   1. That Geoff Winkler of American Fiduciary Services LLC is hereby appointed to serve as the Temporary Receiver over Defendant Profit Connect and its subsidiaries and affiliates, with the powers set forth herein.  The Temporary Receiver shall be immediately empowered, upon entry of the Court's Order:

      a. to have access to, and make an accounting of, all funds, assets,

collateral, premises (whether owned, leased, pledged as collateral, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located (collectively, the "Assets"), of or managed by Defendant Profit Connect and its subsidiaries and affiliates (collectively, the "Receivership Entities");

b. to have full, complete and immediate access to the books and records, wherever located, of Defendant Profit Connect, including but not limited to all business and financial records, bank and other financial statements, and all electronic records, wherever located;

c. to have full, complete, and immediate access to the principals, managers, directors, employees, agents or consultants of Defendant Profit Connect and its subsidiaries and affiliates or anyone else who is otherwise associated with Defendant Profit Connect, including but limited to Defendants B. Kovar and J. Kovar;

d. to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Defendant Profit Connect and its subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

e. to work with the attorneys, accountants, appraisers, and other independent contractors and technical specialists from the SEC to locate and account for all of the assets of or managed by Defendant Profit Connect and its subsidiaries and affiliates;

f. to take such action as is necessary and appropriate to prevent the dissipation, concealment, or disposition of any Assets;

g. to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the

2

        receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

    h. to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of Defendant Profit Connect and its subsidiaries and affiliates, and to file the accounting with the Court and deliver copies thereof to all parties; and

    i. to have access to and monitor all mail, electronic mail, and video phone of the Receivership Entities in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of his or her duties as Temporary Receiver.

2. Defendants Profit Connect, J. Kovar, and B. Kovar, and their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, and employees, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to such property to the Temporary Receiver.

3. No officer, agent, servant, employee or attorney of Defendants Profit Connect, J. Kovar, or B. Kovar shall take any action or purport to take any action, in the name of or on behalf of the Receivership Entities, except for ministerial or routine business actions or actions relating to the defense of this action, without the written consent of the Temporary Receiver or order of this Court; including but not limited to contacting or soliciting any new or existing investors in Profit Connect.

4. Except by leave of this Court, during the pendency of this temporary receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendant Profit Connect, or its subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor,

claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    a. commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

    b. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendant Profit Connect; and

    c. doing any act or thing whatsoever to interfere with taking control, possession or management by the temporary receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Defendant Profit Connect, or in any way to interfere with or harass the Temporary Receiver or his attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the Temporary Receiver's duties and responsibilities hereunder.

5. Defendants Profit Connect, J. Kovar, and B. Kovar, and their subsidiaries, affiliates, officers, agents, servants, and employees, shall cooperate with and assist the Temporary Receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Temporary Receiver or his attorneys, accountants, employees or agents, in the conduct of the Temporary Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Temporary Receiver of the funds, assets, collateral, premises, and choses in action described above.

6. Defendants Profit Connect, J. Kovar, and B. Kovar, and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the Temporary Receiver incurred in connection with the performance of his duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the Temporary Receiver to assist him in carrying out his duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

7. No bond shall be required in connection with the appointment of the Temporary Receiver. Except for an act of gross negligence, the Temporary Receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, and employees or any other person, by reason of any act performed or omitted to be performed by the Temporary Receiver in connection with the discharge of his duties and responsibilities.

8. The Temporary Receiver is authorized to share the results of his oversight over the Receivership Entities with representatives of the SEC, including providing copies of documents and other records to the SEC. Any documentary information that the Temporary Receiver shares with the SEC shall simultaneously be shared with counsel for Profit Connect.

IV. **Defendants Will Provide Accountings Or Inform the SEC and the Court of their Intent to Assert Their Privilege Against Self-Incrimination**

9. Defendants Profit Connect, J. Kovar, and B. Kovar, within five days of the issuance of this Order, shall prepare and deliver to the SEC a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a

5

description of the sources of all such assets. Such accounting shall be simultaneously be filed with the Court and a copy shall be delivered to the SEC to the attention of Kathryn C. Wanner, counsel for the SEC, by electronic mail at wannerk@sec.gov. After completion of the accounting, each of the Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

10. If J. Kovar and/or B. Kovar determine to assert their Fifth Amendment privilege against compulsory self-incrimination and not provide the accountings described above on the basis of this privilege, then J. Kovar and/or B. Kovar will inform the Court and the SEC in writing of the assertion of this privilege by July 28, 2021.

## V. **Mutual Limited Expedited Discovery**

11. The Parties agree that commencing with the time and date of the Order on this Stipulation, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, discovery shall proceed as follows:

   a. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Parties may take three (3) video depositions upon oral examination on five business days' notice of any such deposition. Depositions may be taken Monday through Friday. Depositions that have not been signed by the witness may be used for purposes of the hearing on the SEC's motion for a preliminary injunction and motion for a receiver;

   b. Pursuant to Rule 45 and the applicable provisions in the Securities Act and Exchange Act, each party may serve subpoenas for the production of documents to third parties; and

    c. All discovery requests and responses may be served via email, facsimile, or by hand on counsel for the parties.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 23, 2021