KATHRYN C. WANNER, (Cal. Bar No. 269310)
Email: wannerk@sec.gov
TERI M. MELSON (Cal. Bar No. 185209)
Email: melsont@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katharine Zoladz, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PROFIT CONNECT WEALTH SERVICES, INC., JOY I. KOVAR, and BRENT CARSON KOVAR,<br><br>Defendants. | Case No.: 2:21-cv-01298-JAD-BNW<br><br>**Order:**<br><br>**(A) Granting Parties' Stipulation to Enter a Preliminary Injunction and Order for Related Relief (1) Freezing Assets, (2) Prohibiting the Destruction of Documents, (3) Appointing a Permanent Receiver, and (4) Permitting Joy Kovar to Open a Bank Account for Certain Income;**<br><br>**(B) Setting video status conference about the receivership; and**<br><br>**(C) Vacating Hearing on the SEC's Motions for a Preliminary and to Appoint a Permanent Receiver**<br><br>ECF Nos. 7, 8, 25 |

1

This matter came before the Court upon the Stipulated Request by All Parties for a Preliminary Injunction Order and Orders (1) Freezing Assets; (2) Prohibiting the Destruction of Documents;  (3) Appointing a Permanent Receiver; and (4) Permitting Joy Kovar to Open a Bank Account for Certain Income filed by Plaintiff Securities and Exchange Commission ("SEC") and Defendants Brent C. Kovar ("B. Kovar"), Joy I. Kovar ("J. Kovar"), and Profit Connect Wealth Services, Inc. ("Profit Connect") (collectively, "Defendants").  The SEC seeks an order preliminarily enjoining Defendants from engaging in specified conduct and Defendants do not oppose the requested relief, and Defendants consent and agree to a continued asset freeze, and an order prohibiting the destruction of documents, and the SEC and Defendants jointly request the appointment of a permanent receiver over Profit Connect, and all of its subsidiaries and affiliates. The SEC and J. Kovar further stipulate and agree that J. Kovar be permitted to open a new bank account, free and clear from the asset freeze, to deposit her social security and teacher's retirement fund income.  Finally, the SEC and J. Kovar further stipulate and agree that $3,320.81 in funds that were deposited into a frozen account on July 30, 2021, by the California State Teacher's Retirement System (CalSTRS Account XXX9748) be immediately released to J. Kovar;

The Court, having considered the SEC's Complaint and the parties' Stipulated Request for a Preliminary Injunction Order and Orders (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Appointing a Permanent Receiver; and (4) Permitting Joy Kovar to Open a Bank Account for Certain Income, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action, pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a), and Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa(a).

B. Venue properly lies in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a) and Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), because certain of the transactions, acts, practices and courses of conduct constituting alleged violations of the federal securities laws occurred within this district. In addition, venue is proper in this district because Defendant Profit Connect has its principal place of business in this district.

C. Defendants do not dispute that the SEC is able to make the requisite showing for the requested relief pursuant to Section 20(b) of the Securities Act [15 U.S.C. s 77t(b)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(b)] in order to prevent violations of federal securities laws during the pendency of the litigation.

D. Defendants do not dispute that the SEC is able to establish that good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants could dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Preliminary Injunction preventing the dissipation of assets.

E. Defendants do not dispute that the SEC is able to establish that good cause exists to believe that an accounting of assets is necessary..

F. Defendants do not dispute that the SEC is able to establish that good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants could alter or destroy documents relevant to this action.

G. Good cause exists to warrant the appointment of a permanent receiver over Profit Connect, and all of its subsidiaries and affiliates.

**I.**

IT IS HEREBY ORDERED that the SEC and Defendants' Stipulated Request

for a Preliminary Injunction Order and Orders (1) Freezing Assets; (2) Prohibiting the Destruction of Documents;  (3) Appointing a Permanent Receiver; and (5) Permitting Joy Kovar to Open a Bank Account for certain income is GRANTED.

## II.

IT IS FURTHER ORDERED that Defendants J. Kovar, B. Kovar, and Profit Connect, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser; in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

IT IS FURTHER ORDERED that Defendants J. Kovar, B. Kovar, and Profit Connect, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of

any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**IV.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants J. Kovar, B. Kovar, and Profit Connect, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them, and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants, or their subsidiaries and affiliates.

**V.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the freeze previously ordered by this Court shall continue on all monies and assets (with an allowance for necessary and expenses to be granted only upon good cause

shown by application to the Court with notice to and an opportunity for the SEC to be heard (with the expectation that Defendants J. Kovar and B. Kovar intend to bring such motion and the SEC shall so stipulate if good cause is shown) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants J. Kovar, B. Kovar, and Profit Connect, and/or all of their subsidiaries and affiliates and, including but not limited to, the accounts listed below:

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| Bank of America | Profit Connect Wealth Services, Inc. | XXXXXX8677 |
| Bank of America | Profit Connect Wealth Services, Inc. | XXXXXX6622 |
| Bank of America | Profit Connect Wealth Services, Inc. | XXXXXX7665 |
| Bank of America | Profit Connect Wealth Services, Inc. | XXXXXX7678 |
| Bank of America | Profit Connect-Agent | XXXXXX8722 |
| Bank of America | Joy Kovar | XXXXXX7043 |
| JPMorgan Chase & Co. | Profit Connect Wealth Services, Inc. | XXXXXX9032 |
| JPMorgan Chase & Co. | Profit Connect Wealth Services, Inc. | XXXXXX8820 |
| Navy Federal Credit Union | Profit Connect Wealth Services, Inc. | XXXXXX1215 |
| Navy Federal Credit Union | Profit Connect Wealth Services, Inc. | XXXXXX3304 |
| Wells Fargo Bank, N.A. | Profit Connect Wealth Services, Inc. | XXXXXX6831 |
| Coinbase Global, Inc. | Joy Kovar | N/A |

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| PayPal | Profit Connect Wealth Services, Inc. | Paypal Merchant ID: XXXXXEUA |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court, or except as provided as follows: all banks, financial institutions, or brokerage firms shall take direction from the receiver and shall cooperate with the receiver to allow for, notwithstanding the asset freeze provided for herein, the immediate release of funds necessary to make payroll, pay operating expenses, and/or meet any other payment obligations, as deemed necessary by the permanent receiver.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on the title of the following properties, which shall not be mortgaged, transferred, or otherwise hypothecated:

| Property Address | Owners |
|---|---|
| Searchlight Property at Parcel Numbers:<br>243-34-301-007<br>243-34-201-002<br>243-34-101-006<br>243-34-201-014<br>243-27-701-004<br>243-27-701-005 | Profit Connect Wealth Services, Inc. |
| 7043 Calvert Cliffs Street, North Las Vegas, NV 89084 | Profit Connect Wealth Services, Inc. |

Should the Receiver determine that selling the property is necessary in light of his ongoing assessment of continuation of the business, Defendants J. Kovar and B. Kovar will vacate the property held in the name of Profit Connect at 7043 Calvert Cliffs Street, North Las Vegas, NV 89084, no later than sixty days after the date of entry of this Order.

## VII.

IT IS FURTHER ORDERED that J. Kovar may open a new bank account solely for the purposes of (1) depositing funds that were not and are not subject to the asset freeze provisions of the Preliminary Injunction, and withdraw such funds from the new account for payment of at least part of her reasonable and necessary living expenses. J. Kovar will provide counsel for the SEC on three (3) days written notice with copies of all bank records associated with the proposed new account, including the account opening documents, monthly statements, and documents evidencing account transactions (including all credits and debits) in order for counsel for the SEC to ensure that their use of this new account does not violate the asset freeze provisions of the Preliminary Injunction.

## VIII.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 that are subject to the asset freeze in this case for the account or benefit of any one of the Defendants, shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## IX.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants J. Kovar, B. Kovar, and Profit Connect, and their officers,

8

agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants J. Kovar, B. Kovar, and Profit Connect.

## X.

IT IS FURTHER ORDERED that Geoff Winkler of American Fiduciary Services LLC is appointed as permanent receiver of Defendant Profit Connect and its subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendant Profit Connect and its subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, pledged as collateral, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendant Profit Connect and its subsidiaries and affiliates (collectively, the "Assets"), with full power to sue, foreclose, marshal, collect, receive, and take into possession all such Assets (including access to and taking custody, control, and possession

1           of all such Assets);

2    B.    to assume full control of Defendant Profit Connect as the receiver deems
3           necessary or advisable, any director, officer, attorney, independent
4           contractor, employee, or agent of Defendant Profit Connect and its
5           subsidiaries and affiliates, including any named Defendant, from control
6           of, management of, or participation in, the affairs of Defendant Profit
7           Connect;

8    C.    to have control of, and to be added as the sole authorized signatory for,
9           all accounts of the entities in receivership, including all accounts at any
10          bank, title company, escrow agent, financial institution or brokerage firm
11          (including any futures commission merchant) which has possession,
12          custody or control of any Assets, or which maintains accounts over
13          which Defendant Profit Connect, and its subsidiaries and affiliates,
14          and/or any of its employees or agents have signatory authority;

15    D.    to conduct such investigation and discovery as may be necessary to
16          locate and account for all of the assets of or managed by Defendant
17          Profit Connect and its subsidiaries and affiliates, and to engage and
18          employ attorneys, accountants and other persons to assist in such
19          investigation and discovery;

20    E.    to assess the viability and future profitability of the Profit Connect
21          business in determining the value of permitting the company to continue
22          conducting business;

23    F.    to take such action as is necessary and appropriate to preserve and take
24          control of and to prevent the dissipation, concealment, or disposition of
25          any Assets;

26    G.    to choose, engage, and employ attorneys, accountants, appraisers, and
27          other independent contractors and technical specialists, as the receiver
28          deems advisable or necessary in the performance of duties and

  responsibilities under the authority granted by this Order;

H. to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of Defendant Profit Connect and to file the accounting with the Court and deliver copies thereof to all parties;

I. to make such payments and disbursements from the Assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his duties as permanent receiver;

J. to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature that may now or hereafter exist as a result of the activities of present or past employees or agents of Defendant Profit Connect, and its subsidiaries and affiliates

K. to institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts, which (i) the receiver deems necessary and advisable to preserve or recover any Assets, or (ii) the receiver deems necessary and advisable to carry out the receiver's mandate under this Order; and

L. to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which he deems relates to their business and the discharging of his duties as permanent receiver.

## XI.

IT IS FURTHER ORDERED that Defendant Profit Connect and its subsidiaries and affiliates, including any of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or

other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

## XII.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Defendant Profit Connect shall take any action or purport to take any action, in the name of or on behalf of Defendant Profit Connect without the written consent of the permanent receiver or order of this Court.

## XIII.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendant Profit Connect, or its subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendant Profit Connect; and

    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or

in the possession of Defendant Profit Connect, or in any way to interfere with or harass the permanent receiver or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

### XIV.

IT IS FURTHER ORDERED that Defendants J. Kovar, B. Kovar, and Profit Connect, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

### XV.

IT IS FURTHER ORDERED that Defendant Profit Connect, and its subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him in carrying out his duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

### XVI.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the

defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his duties and responsibilities.

### XVII.

IT IS FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendant Profit Connect and its affiliates and subsidiaries, , and continuing access to inspect their funds, property, assets and collateral, wherever located.

### XVIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

### XX.

IT IS FURTHER ORDERED that a video-conference status hearing concerning the receivership, is set for **3:00 p.m. on September 21, 2021.**

IT IS FURTHER ORDERED that the hearing on the SEC's motions for a preliminary injunction and to appoint a permanent receiver [ECF Nos. 7, 8], set for 4:00 p.m. on August 9, 2021, is **VACATED**, and the corresponding motions **[ECF Nos. 7, 8] are DENIED** as moot in light of this stipulation.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 6, 2021

14