**HAYES | WAKAYAMA**
DALE A. HAYES, JR., ESQ.
Nevada Bar No. 9056
JEREMY D. HOLMES, ESQ.
Nevada Bar No. 14379
4735 S. Durango Drive, Ste. 105
Las Vegas, Nevada 89147
(702) 656-0808 – Telephone
(702) 655-1047 – Facsimile
dhayes@hwlawNV.com
jholmes@hwlawNV.com
   *Attorneys for B. and J. Kovar*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>vs.<br><br>PROFIT CONNECT WEALTH SERVICES, INC.; JOY I. KOVAR; and BRENT CARSON KOVAR,<br><br>                Defendants. | Case Number:<br>2:21-cv-01298-JAD-BNW<br><br>**HAYES WAKAYAMA'S MOTIONS TO (1) WITHDRAW AND (2) BE REMOVED FROM ECF SERVICE LIST** |

### HAYES WAKAYAMA'S MOTIONS TO (1) WITHDRAW AND (2) BE REMOVED FROM THE ECF SERVICE LIST

The law firm of Hayes Wakayama, counsel of record for Brent Kovar and Joy Kovar, hereby respectfully submits this Motions to (1) Withdraw and (2) be Removed from the ECF Service List (the "Motion"). This Motion is made and based upon the pleadings and papers on file herein, the following memorandum of points and authorities and the Declaration of Dale A. Hayes, Jr., Esq.

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

I.    **INTRODUCTION.**

Plaintiff Security and Exchange Commission ("SEC") filed a Complaint and, amongst other motions, a Motion for Preliminary Injunction and Motion to Appoint Receiver [ECF Nos. 7, 8] on July 8, 2021. Defendants were served with the Complaint and Plaintiff's Motions late on Thursday, July 15, 2021. Upon being served, Defendants contacted their local general counsel, Hayes Wakayama.[1] Attorney Dale Hayes, Jr., Esq. ("Hayes") informed Defendants that Hayes Wakayama did not have experience defending against civil SEC charges but also informed Defendants that Hayes would confer with SEC consultants to secure Defendant's experienced SEC counsel. Time was of the essence as there were very imminent time deadlines.

Defendants agreed to pay Hayes Wakayama for their services. After conferring with numerous SEC consultants and attorneys, it was decided that it would be best to retain SEC counsel from out of State as there were few, if any, Nevada attorneys with experience defending against civil SEC charges. Hayes then connected Defendants with a highly experienced and competent SEC lawyer based in Los Angeles. Defendants indicated they would be hiring the SEC lawyer who would then appear in this matter *pro hac* by associating into the case with Hayes Wakayama. Up until recently, Hayes Wakayama and the SEC lawyer provided Defendants with sound legal advice and representation. During this timeframe, only Hayes Wakayama made a formal appearance in the case.

Recently, the SEC lawyer withdrew from being involved with the case. On August 9, 2021, counsel for Receiver Geoff Winkler informed Hayes Wakayama that Profit Connect was terminating Hayes Wakayama's representation in this matter due to a perceived conflict

---

[1] The facts of the instant Motion are supported by the Declaration of Dale A. Hayes, Jr., Esq., attached as **Exhibit A**.

of interest.[2]  Accordingly, as of the date of filing this Motion, Hayes Wakayama only represents the Kovars in this matter.

Defendants, *and now the Kovars*, failed to retain an SEC lawyer as they agreed to. Hayes Wakayama never would have appeared in this case had Defendants not promised to retain SEC counsel to appear as co-counsel.  Moreover, Hayes Wakayama recently learned that Defendants, *and now the Kovars*, are unable to pay Hayes Wakayama for both past and future legal services.  Brent and Joy Kovar's last known address for service of future pleadings, orders and other court papers in this matter is:

> 7043 Calvert Cliffs Street
> North Las Vegas, Nevada 89084

Withdrawal of Hayes Wakayama from this matter will not result in the delay of discovery, trial or any other proceeding.  Currently, there is no substantive hearing or trial scheduled. There is only a Status Hearing scheduled for September 21, 2021, which is only meant to address the Receiver's report.  Although the Receiver has propounded requests upon Hayes Wakayama, Hayes Wakayama has certified that it has been in contact with the Receiver's counsel and that all such requests will be addressed *barring privilege defenses*.  Finally, Hayes Wakayama submits that there is no just cause to delay ruling on the instant Motion given the ongoing litigation (absent SEC defense counsel).  Further, Hayes Wakayama has been informed that neither Brent nor Joy Kovar object to Hayes Wakayama's withdrawal.

## II.    LEGAL ARGUMENT.

### A.    HAYES WAKAYAMA SHOULD BE PERMITTED TO WITHDRAW AS BRENT AND JOY KOVAR'S ATTORNEYS IN THIS MATTER.

Pursuant to LR IA 11-6, an attorney may seek withdraw as counsel of record by motion. LR IA 11-6(b).  As the foregoing Local Rule requires, the instant Motion is being served upon both the SEC, the Receiver as well as Brent and Joy Kovar.  *See id.*  Brent and

---

[2] *See* August 9, 2021, correspondence from Ballard Spahr to Hayes Wakayama attached as **Exhibit B.**

Joy Kovar's last known address for service of future pleadings, orders and other court papers in this matter is:

> Brent Kovar
> Joy Kovar
> 7043 Calvert Cliffs Street
> North Las Vegas, Nevada 89084

Withdrawal of Hayes Wakayama from this matter will not result in the delay of discovery, trial or any other proceeding. *See* LR IA 11-6(e). Currently, there is no substantive hearing or trial scheduled. There is only a Status Hearing scheduled for September 21, 2021, for the limited purpose of reviewing the Receiver's report. Although the Receiver has propounded document requests upon Hayes Wakayama, Hayes certifies that he has been in contact with the Receiver's counsel and that all such requests will be addressed.[3]

Local Rule 11-7(a) states, in pertinent part, that attorneys who are admitted to practice before the U.S. District Court for the District of Nevada:

> must adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as these standards may be modified by this court. LR IA 11-7(a).

Nevada Rules of Professional Conduct (NRPC) Rule 1.16 states, in pertinent part:

> (b) . . . a lawyer may withdraw from representing a client if:
>
> (5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) Other good cause for withdrawal exists.

As established by the Declaration of Hayes in support of this Motion,[4] withdrawal is appropriate in this case. Brent Kovar and Joy Kovar, *and Profit Connect up until August 9,*

---

[3] *See* **Ex. A.**

[4] *See id.*

*2021*, have failed to secure SEC counsel and further failed to pay for the legal services provided by Hayes Wakayama. Moreover, Defendants currently owe Hayes Wakayama a balance for attorney's fees for services that were rendered even before the instant action was filed. Withdrawal is appropriate at this stage in order to let Brent Kovar and Joy Kovar find other counsel to continue their representation in this case. Moreover, the receiver is actively engaging in discovery. There are daily court filings. The Kovars are in need of an SEC attorney to handle this matter moving forward. The Kovars promised Hayes Wakayama such co-counsel and therefore failed to honor a substantial obligation which "has [] rendered [the representation] unreasonably difficult by the client." *See* NRPC Rule 1.16(b)(5)-(6). Hayes Wakayama warned the Kovars that it would move to withdraw if this failure was not cured on numerous occasions.[5] Finally, Hayes Wakayama has been working, for free, for over five weeks. Hayes Wakayama is a small firm. Forcing Hayes Wakayama to continue working under such circumstances would "result in an unreasonable financial burden." *See* NRPC Rule 1.16(b)(6). After considering all relevant factors, withdrawal is appropriate in this case.

    **B.    HAYES WAKAYAMA'S ATTORNEYS AND STAFF SHOULD BE REMOVED FROM THE ECF SERVICE LIST.**

Hayes Wakayama respectfully moves this Court for removal of all Hayes Wakayama attorneys and staff and their email addresses from the ECF Service List for Case No. 2:21-cv-01298-JAD-BNW. Assuming this Court grants Hayes Wakayama's accompanying motion to withdraw, there will be no need for the attorneys or staff from Hayes Wakayama to receive notification of filings in this matter. The specific names and addresses that Hayes Wakayama is requesting to be removed are as follows:

| | |
|---|---|
| Dale Hayes, Jr., Esq. | dhayes@hwlawNV.com |
| Jeremy Holmes, Esq. | jholmes@hwlawNV.com |
| Emmanuel Hernandez | ehernandez@hayeslawNV.com |
| Julia Rodionova | julia@hwlawNV.com |

---

[5] *See* **Ex. A** at ¶ 15.

### III. CONCLUSION.

Accordingly, the law firm of Hayes Wakayama respectfully requests that this Court grant its motion to withdraw as counsel of record for the Kovars and further remove its attorneys and staff from the ECF service list. Finally, Hayes Wakayama submits that there is no just cause to delay ruling on the instant Motion given the ongoing litigation (absent SEC defense counsel). Further, Hayes Wakayama has been informed that neither Brent nor Joy Kovar object to Hayes Wakayama's withdrawal.

DATED this 12th day of August 2021.

HAYES | WAKAYAMA

By     /s/ Dale A. Hayes, Jr., Esq.
DALE A. HAYES, JR., ESQ.
Nevada Bar No. 9056
JEREMY D. HOLMES, ESQ.
Nevada Bar No. 14379
4735 S. Durango Drive, Suite 105
Las Vegas, Nevada 89147
*Attorneys for Defendants Brent and Joy Kovar*

### Order
**IT IS SO ORDERED**

**DATED:** 3:04 pm, September 30, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **HAYES WAKAYAMA'S MOTIONS TO (1) WITHDRAW AND (2) BE REMOVED FROM THE ECF SERVICE LIST** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 12th day of August, 2021.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system; and

☒ I further certify that Defendants Brent Kovar and Joy Kovar were e-served with this Motion on August 12, 2021, at the following email addresses: brentkovar@gmail.com and joykovar.gmail.com.

　　　　　　　　　　　　　　　　　　　　　　 /s/ Julia Rodionova
　　　　　　　　　　　　　　　　　　　　　　An employee of HAYES WAKAYAMA