Kyra E. Andrassy, Esq.
Admitted *Pro Hac Vice*
SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:  (714) 445-1000
Facsimile:   (714) 445-1002
kandrassy@swelawfirm.com

Kara B. Hendricks, Esq.
Nevada Bar No. 07743
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
hendricksk@gtlaw.com

*Attorneys for Receiver*
*Geoff Winkler of American Fiduciary Services*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>v.<br><br>PROFIT CONNECT WEALTH SERVICES, INC., JOY I. KOVAR, and BRENT CARSON KOVAR,<br><br>                    Defendants. | Case No. 2:21-cv-01298-JAD-BNW<br><br>**MOTION FOR ORDER IN AID OF RECEIVERSHIP AUTHORIZING RECEIVER TO PURSUE CLAWBACK ACTIONS AND APPROVING SETTLEMENT PARAMETERS**<br><br>**[Hearing requested]** |

In accordance with Local Rule 66-6 and this Court's August 6, 2021, order (ECF No. 26) (the "Receiver Order") appointing Geoff Winkler of American Fiduciary Services, LLC, as the permanent receiver of Profit Connect Wealth Services, Inc., and any subsidiaries and affiliates (together, "Profit Connect"), the Receiver moves this Court for an order approving procedures for the pursuit and settlement of clawback claims against parties who received transfers that are

2948503.3

SMILEY WANG-EKVALL, LLP
3200 PARK CENTER DRIVE, SUITE 250
COSTA MESA, CALIFORNIA 92626
(714) 445-1000 FAX (714) 445-1002

avoidable under the Uniform Fraudulent Transfer Act adopted by Nevada, and authorizing the Receiver to exercise his business judgment to pursue litigation against them if he cannot settle them in a manner consistent with the proposed procedures.

This Motion is based on the below memorandum of points and authorities, the declaration of Geoff Winkler and the exhibits thereto, all papers on file, and any argument the Court may call and consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The Securities and Exchange Commission initiated this action against Profit Connect, Joy Kovar, and Brent Kovar on July 8, 2021, by the sealed, ex parte filing of a complaint and motion for temporary restraining order seeking, among other things, the freezing of defendants' assets and the appointment of a receiver over Profit Connect. The Court granted the ex parte temporary restraining order, in part, by allowing the asset freeze to proceed but set the motion for a hearing in order to provide the defendants an opportunity to be heard on the temporary receivership request.

On July 23, 2021, the defendants stipulated to modify the temporary restraining order to appoint the temporary receiver. On August 6, 2021, following another stipulation of the parties, the Court converted the temporary restraining order to a preliminary injunction and appointed the Receiver as the permanent receiver of Profit Connect.  In its receivership order (ECF No. 26), Mr. Winkler with "full power over all … choses in action … of Defendant Profit Connect … such that the receiver is immediately, authorized, empowered and directed … to choose, engage, and employ attorneys … [and] to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature that may now or hereafter exist as a result of the activities of present or past employees or agents of Defendants Profit Connect …."

As part of the fulfillment of his duties, the Receiver conducted a forensic accounting that revealed that Profit Connect had made payments totaling $1,724,153.64 on credit card accounts held by individuals affiliated with Profit Connect.  Under applicable Ninth Circuit law and to the extent that the cards were used for personal rather than business expenses, these payments are

avoidable because Profit Connect did not receive reasonably equivalent value in exchange for the payments. *See Henry v. Official Comm. of Unsecured Creditors of Walldesign, Inc. (In re Walldesign, Inc.)*, 872 F.3d 954 (9th Cir. 2017). In addition, the Receiver has identified 70 sales people who received commissions totaling $3,781,552.66, a number of former employees who received payments in excess of their wages, and 9 investors who were net winners and whose profits appear to be recoverable. Pursuant to *Donell v. Kowal*, 553 F.3d 762, 770 (9th Cir. 2008), these payments are recoverable by the Receiver. *See also In re United Energy Corp.*, 944 F.2d 589, 595 n.6 (9th Cir. 1991)(holding that profits are avoidable "because the debtor would not have received reasonably equivalent value for them."); *In re Randy*, 189 B.R. 425, 441 (Bankr. N.D. Ill.)(holding that commissions paid in a Ponzi scheme are avoidable because "the contract that underlies the transaction is illegal, and therefore no value could have been given by the transferee to the debtor for the transfer."). For purposes of this Motion, the potential defendants discussed above are referred to as the "Clawback Defendants"). The Receiver has been sending demand letters to the Clawback Defendants and engaging in settlement discussions with certain of the Clawback Defendants and has resolved a number of the claims with agreements to return the funds over a short period of time.

## II.    PROPOSED PROCEDURES

Based on the experience of the Receiver and his professionals in other cases, the Receiver proposes the following procedures with respect to the claims against rec in order to efficiently resolve the claims:

(1)    Regardless of the dollar amount that is in dispute, the Receiver may settle claims against the Clawback Defendants if the settlement amount is at least 85% of the amount in dispute, without the necessity of a formal Court order. A sample settlement agreement is attached as Exhibit 1 and is the form that the Receiver will use if he determines that a settlement is in the best interests of the Receivership Estate, although the Receiver reserves the right to make non-material changes to the form of the agreement as appropriate for the particular settlement at issue.

SMILEY WANG-EKVALL, LLP
3200 PARK CENTER DRIVE, SUITE 250
COSTA MESA, CALIFORNIA 92626
(714) 445-1000 FAX (714) 445-1002

2948503.3                                    3

Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
(714) 445-1000 Fax (714) 445-1002

(2)     Where the amount in dispute is $100,000 or less, the Receiver may settle the dispute with a settlement agreement substantially in the form attached as Exhibit "1" to the Declaration of Geoff Winkler without the necessity of further Court approval.

(3)     If the Receiver is unable to reach a consensual resolution and determines in the exercise of his business judgment that pursuit of the claim through litigation is in the best interest of the Receivership Estate, the Receiver may commence litigation to pursue the claims against the Clawback Defendants.  In exercising his business judgment, the Receiver will take into consideration such factors as the cost of litigation, the delay, and the collectability of any judgment he obtains.  At present, if litigation is required, the Receiver intends to utilize Smiley Wang-Ekvall as his primary counsel with respect to these claims, with Greenberg Traurig serving as local counsel.  The litigation team would consist of Sharon Oh-Kubisch, whose discounted hourly rate is $420.75, Michael Simon, whose discounted hourly rate is $331.50, and Timothy Evanston, who discounted hourly rate is $289.00.  Kyra Andrassy, the partner with primary responsibility for representing the Receiver, would monitor the litigation to ensure that the Receivership Estate yields a net benefit from the representation.  If the Receiver determines that a contingency fee arrangement would be preferable, the Receiver will seek Court approval of that from the Court.

(4)     Because of this Court's familiarity with Profit Connect and the receivership, the Receiver requests that if litigation is required, that the case be deemed ancillary to the receivership so that it can be filed in the U.S. District Court, District of Nevada.  In addition, the Receiver requests permission to designate any actions against Clawback Defendants as being related to this case in order to avoid any risk of inconsistent rulings or disparate treatment of Clawback Defendants.  The Receiver would comply with Local Rule 42-1 and file a Notice of Related Case concurrent with the filing of any complaint.

III.    **LEGAL ARGUMENT**

"The power of a district court to impose a receivership . . . derives from the inherent power of a court of equity to fashion effective relief."[1]  "The primary purpose of equity receiverships is to promote orderly and efficient administration of the Receivership Estate by the district court for the benefit of creditors."[2]  "[T]he practice in administering an estate by a receiver . . . must accord with the historical practice in federal courts or with a local rule."[3]

As the Ninth Circuit explained:

> A district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad. The district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership. The basis for this broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions.[4]

Based on this framework, the Ninth Circuit will "generally uphold reasonable procedures instituted by the district court that serve this purpose."[5]  Under this authority, the Court has the inherent authority to authorize the Receiver to pursue claims against third parties and to approve settlement parameters in advance, and the Receivership Order entered in this case supports that.

In accordance with his reasonable business judgment and authority under the Receivership Order, the Receiver has determined that he has viable claims against the Clawback Defendants under applicable Ninth Circuit law.  These claims are based on the Nevada Uniform Fraudulent Transfer Act and applicable Ninth Circuit law interpreting similar legislation in California. Federal equity receivers have standing to pursue actual and constructive fraudulent transfer claims

---

[1] *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980).

[2] *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986).

[3] Fed. R. Civ. P. 66.

[4] *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) (citations omitted); *see also CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999) ("This court affords 'broad deference' to the court's supervisory role, and 'we generally uphold reasonable procedures instituted by the district court that serve th[e] purpose of orderly and efficient administration of the receivership for the benefit of creditors.").

[5]  *See Hardy*, 803 F.2d at 1038.

SMILEY WANG-EKVALL, LLP
3200 PARK CENTER DRIVE, SUITE 250
COSTA MESA, CALIFORNIA 92626
(714) 445-1000 FAX (714) 445-1002

on behalf of entities in receivership against the recipients of the transfers.  *See Donell v. Kowell*, 533 F.3d 762, 776-77 (9th Cir. 2007).

The Receiver believes that these claims warrant pursuit and that the procedures proposed will conserve estate and judicial resources and provide an efficient pathway for resolution of the claims against the Clawback Defendants.  The Receiver's professionals have successfully used similar procedures in other cases.  Giving the Receiver authority to settle disputes for 85% of the amount in dispute if the amount if more than $100,000 and for a lesser amount if the amount at issue is $100,000 or less will promote efficiency and avoid the time and expense of routine motions for approval.

## IV.   CONCLUSION

Based on the foregoing, the Receiver requests entry of an order in the form attached as Exhibit 2 to the Winkler Declaration:

(1)   Granting the Motion in its entirety;

(2)   Approving the settlement procedures set forth above, including the form of the settlement agreement attached as Exhibit 1 and authorizing the Receiver to make non-material changes to the form of the settlement agreement;

(3)   Authorizing the Receiver to pursue litigation against the Clawback Defendants in the event that he cannot consensually resolve the claims and believes that it is a proper exercise of his business judgment to do so; and

(4)   Granting such other and further relief as the Court deems just and appropriate.

Dated: November 14, 2023

SMILEY WANG-EKVALL, LLP

By: /s/ Kyra E. Andrassy
     Kyra E. Andrassy, Esq.
     (Admitted *Pro Hac Vice*)
     3200 Park Center Drive, Suite 250
     Costa Mesa, California 92626

     -and-

SMILEY WANG-EKVALL, LLP
3200 PARK CENTER DRIVE, SUITE 250
COSTA MESA, CALIFORNIA 92626
(714) 445-1000 FAX (714) 445-1002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SMILEY WANG-EKVALL, LLP
3200 PARK CENTER DRIVE, SUITE 250
COSTA MESA, CALIFORNIA 92626
(714) 445-1000 FAX (714) 445-1002

Kara B. Hendricks, Esq.
Nevada Bar No. 07743
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

Attorneys for Receiver

# EXHIBIT "1"

## SETTLEMENT & RELEASE AGREEMENT

This SETTLEMENT & RELEASE AGREEMENT (the "Agreement"), dated as of _____, 2023, is made by and between _____ (the "Transferee") and Geoff Winkler of American Fiduciary Services (the "Receiver"), in his capacity as the Court-appointed Receiver for Defendant Profit Connect Wealth Services, Inc. and its subsidiaries and affiliates (collectively, the "Receivership Entities") and Defendants Joy I. Kovar ("J. Kovar") and Brent Carson Kovar ("B. Kovar") (together, the Receivership Entities, J. Kovar and B. Kovar are referred to as the "Receivership Defendants"), pursuant to the following recitals:

## RECITALS

**1.** On July 8, 2021, the Securities and Exchange Commission (the "Commission") filed a complaint in the United States District for the District of Nevada ("District Court") against Profit Connect Wealth Services, Inc., J. Kovar and B. Kovar.

**2.** On July 23, 2021, the District Court entered an order appointing the Receiver as a Temporary Receiver over the Receivership Entities, and the assets of J. Kovar and B. Kovar.

**3.** On August 6, 2021, the District Court entered an order: "(A) Granting the Parties' Stipulation to Enter a Preliminary Injunction and Order for Related Relief (1) Freezing Assets, (2) Prohibiting the Destruction of Documents, (3) Appointing a Permanent Receiver, and (4) Permitting Joy Kovar to Open a Bank Account for Certain Income; (B) Setting video status conference about the receivership; and (C) Vacating Hearing on the SEC's Motions for a Preliminary and to Appoint a Permanent Receiver. Pursuant to the Order, the District Court appointed the Receiver as a Permanent Receiver over the Receivership Entities, and the assets of J. Kovar and B. Kovar.

**4.** On August 9, 2021, the Commission and Receivership Defendants entered into a stipulation to amend the order entered on August 6, 2021, as ECF No. 26, and sought to clarify and amend that order, among other things, to include all bank accounts in the name of the Receivership Defendants, including all funds on deposit in those accounts regardless if the accounts includes funds for payroll, operating expenses or to meet any other payment obligations. On August 11, 2021, the District Court entered an order granting that relief.

**5.** The Receiver alleges that during the last three years, Transferee received $_____ (the "Payments") from the Receivership Entities without the Receivership Entities receiving reasonably equivalent value in exchange. The Receiver has asserted claims against Transferee for return of the Payments under the Nevada Uniform Fraudulent Transfer Act.

**6.** The Receiver and Transferee have agreed to settle and resolve all disputes, and release all claims arising from the transfers from the Receivership Entities to Transferee, under the terms and conditions provided herein.

2959516.1

## AGREEMENT

NOW, THEREFORE, in consideration of the covenants and conditions hereinafter contained, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned agree as follows:

**1.**     Payment.  Transferee shall pay to the Receiver the sum of $_____ within fifteen days of the later of Court approval of the form of this Agreement or fifteen days from the date of this agreement if Court approval of the form of this Agreement was previously obtained.

**2.**     Mutual Releases.  On the condition that all payments due under Section 1 above have been fully made and effective only upon satisfaction of such condition, the Receiver, on the one hand, and the Transferee, on the other hand, and each of them, for themselves, their agents, employees, partners, directors, officers, successors and assigns, forever, irrevocably and unconditionally release and discharge one another, and their respective officers, directors, representatives, heirs, executors, administrators, receivers, successors, assigns, predecessors, agents, attorneys and employees, of and from any and all claims, demands, debts, obligations, liabilities, costs, expenses, rights of action, causes of action, awards and judgments arising from the Profit Amount.

**3.**     Voluntary Signing.  Each of the parties to this Agreement has executed this Agreement without any duress or undue influence.

**4.**     Independent Counsel.  Each of the parties acknowledge and agree that it has been represented by independent counsel of its own choice throughout all negotiations which preceded the execution of this Agreement, that it has executed and approved of this Agreement after consultation with said counsel, and that it shall not deny the validity of this Agreement on the ground that such party did not have the advice of legal counsel.

**5.**     Governing Law and Venue.  This Agreement shall in all respects be interpreted, enforced, and governed by and under the laws of the state of Nevada, and federal equity receivership law, and subject to the exclusive jurisdiction of the District Court.

**6.**     Waiver/Amendment.  No breach of any provision of this Agreement can be waived unless in writing.  Waiver of any one breach of any provision of this Agreement is not a waiver of any other breach of the same or of any other provision of this Agreement. Amendment of this Agreement may be made only by written agreement signed by the parties.

**7.**     Fax and Counterparts.  This Agreement may be executed by fax and/or in counterparts and, if so executed, each fax and/or counterpart shall have the full force and effect of an original. Electronically reproduced or transmitted signatures shall be treated as if they are original signatures.

**8.**     No Third Party Beneficiaries.  This Agreement is not for the benefit of any person who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement, and the provisions of this Agreement are not intended to affect

the rights of any party or non-party against any person or entity who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement.

**9.** <u>Attorneys' Fees and Costs</u>.  The parties hereto shall each bear their own costs and attorneys' fees incurred in connection with the negotiation and documentation of this Agreement, and the parties' efforts to obtain District Court approval thereof.  If any proceeding, action, suit or claim is undertaken to interpret or enforce this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in connection with such dispute.

**10.** <u>Severability</u>.  In the event that any covenant, condition or other provision contained in this Agreement is held to be invalid, void or illegal by any court of competent jurisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision contained herein, so long as such severance does not materially affect the consideration given or received herein or the general intent hereof.  If such condition, covenant or other provision shall be deemed invalid due to its scope or breadth, such covenant, condition or other provision shall be deemed valid to the extent that the scope or breadth is permitted by law.

**11.** <u>Meaning of Pronouns and Effect of Headings</u>.  As used in the Agreement and attached exhibits, the masculine, feminine and/or neuter gender, in the singular or plural, shall be deemed to include the others whenever the text so requires.  The captions and paragraph headings in the Agreement are inserted solely for convenience or reference and shall not restrict, limit or otherwise affect the meaning of the Agreement.

**12.** <u>Confidentiality</u>.  Receiver agrees to keep confidential and shall not reveal and/or communicate in any way to any person, the terms of this Agreement, except as ordered by any Court, or otherwise as necessary in discharging his duties as receiver.

**13.** <u>Notices</u>.  Any notice by any Party to any other Party may be made by e-mail and delivered to the other Party at the address below until written notice of a different email address is given by the Party.  Any payments to be made pursuant to this Agreement shall be deemed made only upon actual receipt.

| | |
|---|---|
| **The Receiver:** | Geoff Winkler<br>American Fiduciary Services LLC<br>715 NW Hoyt Street #4364<br>Portland, OR 97208<br>geoff@americanfiduciartyservices.com |
| **With a copy to the Receiver's Counsel:** | Kyra E. Andrassy<br>Smiley Wang-Ekvall, LLP<br>3200 Park Center Drive, Suite 250<br>Costa Mesa, California 92626<br>kandrassy@swelawfirm.com |

**Transferee:**          Name of Transferee
                         Mailing Address: _____

                         _____

                         _____
                         Email Address: _____


        WHEREFORE, the Parties hereto have executed this Agreement as of the date first above written.


DATED: _____, 2023

                              _____
                              **GEOFF WINKLER**, Receiver


                              **TRANSFEREE**


DATED: _____, 2023

                              _____
                              By:_____
                              Its:_____


2959516.1

# EXHIBIT "2"

Kyra E. Andrassy, Esq.
Admitted *Pro Hac Vice*
SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:  (714) 445-1000
Facsimile:  (714) 445-1002
kandrassy@swelawfirm.com

Kara B. Hendricks, Esq.
Nevada Bar No. 07743
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
hendricksk@gtlaw.com

*Attorneys for Receiver*
*Geoff Winkler of American Fiduciary Services*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>PROFIT CONNECT WEALTH SERVICES, INC., JOY I. KOVAR, and BRENT CARSON KOVAR,<br><br>        Defendants. | Case No. 2:21-cv-01298-JAD-BNW<br><br>**ORDER GRANTING MOTION FOR ORDER IN AID OF RECEIVERSHIP AUTHORIZING RECEIVER TO PURSUE CLAWBACK ACTIONS AND APPROVING SETTLEMENT PARAMETERS** |

     The Court having reviewed the *Motion for Order in Aid of Receivership Authorizing Receiver to Pursue Clawback Actions and Approving Settlement Parameters* (the "Motion") and there being no opposition to the Motion and good cause appearing,

     **IT IS ORDERED AS FOLLOWS:**

     (1)     The Motion is granted;

(2)     The settlement procedures set forth In the Motion, including the form of the settlement agreement attached as Exhibit 1, are approved and the Receiver is authorized to make non-material changes to the form of the settlement agreement;  and

(3)     The Receiver is authorized to pursue litigation against the Clawback Defendants, as that term is defined in the Motion, in the event that he cannot consensually resolve the claims and if believes that it is a proper exercise of his business judgment to do so.

**IT IS SO ORDERED.**

_____

DATED: _____

SMILEY WANG-EKVALL, LLP
3200 PARK CENTER DRIVE, SUITE 250
COSTA MESA, CALIFORNIA 92626
(714) 445-1000 FAX (714) 445-1002

2960875.1

2

**CERTIFICATE OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

On **11/14/2023**, I served true copies of the following document(s) described as

**MOTION FOR ORDER IN AID OF RECEIVERSHIP AUTHORIZING RECEIVER TO PURSUE CLAWBACK ACTIONS AND APPROVING SETTLEMENT PARAMETERS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**(X) (BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF").** Pursuant to Fed. R. Civ. P. 5(b), the foregoing document will be served by the court via NEF and hyperlinked to the document. On **11/14/2023**, I checked the CM/ECF docket for this case and determined that the aforementioned person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated.

**(X) (BY U.S. MAIL).** I enclosed the document(s) in a sealed envelope or package and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Smiley Wang-Ekvall, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Costa Mesa, California.

**( ) (BY E-MAIL).** By scanning the document(s) and then e-mailing the resultant pdf to the e-mail address indicated above per agreement. Attached to this declaration is a copy of the e-mail transmission.

**( ) (BY FACSIMILE)**. I caused the above-referenced documents to be transmitted to the noted addressee(s) at the fax number as stated. Attached to this declaration is a "TX Confirmation Report" confirming the status of transmission. Executed on _____, at Costa Mesa, California.

**( ) STATE** I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

**(X) FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 14, 2023, at Costa Mesa, California;

/s/ *Lynnette Garrett*

_____

Lynnette Garrett

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## SERVICE LIST

**BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

**Kyra E. Andrassy**
kandrassy@swelawfirm.com

**Kyle A. Ewing**
ewingk@gtlaw.com,rosehilla@gtlaw.com,flintza@gtlaw.com,LVLitDock@GTLAW.com

**Kara B. Hendricks**
hendricksk@gtlaw.com,neyc@gtlaw.com,escobargaddie@gtlaw.com,flintza@gtlaw.com,l
vlitdock@gtlaw.com,sheffieldm@gtlaw.com,geoff@americanfiduciaryservices.com

**Theresa Melson**
melsont@sec.gov

**Kathryn Wanner**
wannerk@sec.gov,longoa@sec.gov,simundacc@sec.gov,irwinma@sec.gov


**BY U.S. MAIL:**

Brent Kovar

Joy Kovar

7043 Calvert Cliffs Street

North Las Vegas, Nevada 89084

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002