KARA HENDRICKS, ESQ.
Nevada Bar No. 07743
KYLE A. EWING, ESQ.
Nevada Bar No. 014051
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 938-6856
Facsimile:  (702) 792-9002
hendricksk@gtlaw.com

KYRA E. ANDRASSY, ESQ.
Admitted *Pro Hac Vice*
RAINES FELDMAN LITTRELL LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: (310) 440-4100
kandrassy@raineslaw.com

*Attorneys for Receiver*
*Geoff Winkler of American Fiduciary Services*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PROFIT CONNECT WEALTH SERVICES, INC., JOY I. KOVAR, and BRENT CARSON KOVAR,<br><br>Defendants. | Case No. 2:21-cv-01298-JAD-BNW<br><br>**ORDER (I) PRELIMINARILY APPROVING RECEIVER'S SETTLEMENT WITH BANK OF AMERICA, N.A.; (II) APPROVING FORM AND CONTENT OF NOTICE; AND (III) SETTING APPROVAL SCHEDULE AND FINAL APPROVAL HEARING** |

Before the Court is the *Motion to Approve Settlement with Bank of America, N.A.* [ECF No. 237] (the "Motion"), by Geoff Winkler (the "Receiver") as the court-appointed receiver of Profit Connect Wealth Services, Inc.

The Motion seeks court approval of a proposed settlement (the "Settlement") between the Receiver and Bank of America, N.A. ("BANA"). The terms of the Settlement are contained in the

10543575.1

1  Settlement Agreement and Release (the "Settlement Agreement") attached as Exhibit 1 to the
2  Declaration of Geoff Winkler submitted in support of the Motion. Capitalized terms not otherwise
3  defined in this order shall have the meaning assigned to them in the Settlement Agreement.

4        The Receiver seeks the Court's approval of the terms of the Settlement Agreement,
5  including entry of a final order approving the Settlement (the "Final Approval Order"), which is
6  Exhibit C to the Settlement Agreement. In furtherance of the request for final approval of the
7  Settlement, the Receiver seeks entry of an Order (i) preliminarily approving the Settlement, (ii)
8  approving the form, content, and manner of the notice to be provided to affected Receivership
9  Claimants, and (iii) establishing the schedule for approval of the Settlement and the Final Approval
10 Hearing. After reviewing the terms of the Settlement Agreement, the Motion, and supporting
11 documents, the Court preliminarily approves the Settlement as adequate, fair, and reasonable.
12 Accordingly, the Court enters this Preliminary Approval Order, as follows:

13       I. <u>Preliminary Findings</u>: Based upon the Court's review of the terms of the Settlement
14 Agreement, the arguments presented in the Motion, the Court preliminarily finds that the
15 Settlement is adequate, fair, and reasonable. *See U.S. v. Edwards*, 595 F.3d 1004, 1012 (9th
16 Cir. 2010). The Settlement resulted from vigorous, good faith, arm's length, mediated
17 negotiations involving experienced and competent counsel. The Settlement would provide
18 significant value to the Receivership Estate and results from the Receiver's good faith
19 assessment of his claims against BANA and the risks and delays associated with litigation. The
20 Court, however, reserves its final ruling with respect to the terms of the Settlement Agreement
21 until after the Final Approval Hearing.

22       II. <u>Final Approval Hearing</u>: **The Final Approval Hearing will be held at 10:00**
23 **a.m., on October 17, 2025,** before the Honorable Jennifer A. Dorsey of the United States
24 District Court for the District of Nevada, Las Vegas Division, 333 Las Vegas Boulevard
25 South, Courtroom 6D, Las Vegas, NV 89101. The purpose of the Final Approval Hearing will
26 be to: (i) determine whether the terms of the Settlement Agreement should be finally
27 approved by the Court; (ii) determine whether the Final Approval Order should be entered
28 by the Court;

10543575.1

(iii) rule upon any objections to the Settlement Agreement or the Final Approval Order; and (v) rule upon such other matters as the Court may deem appropriate.

III. <u>Notice</u>: The Court approves the form and substance of the Notice attached as Exhibit B to the Settlement Agreement and finds that the methodology, distribution, and dissemination of this Notice (i) constitute the best practicable notice; (ii) are reasonably calculated under the circumstances to apprise all Receivership Claimants who may have a Claim against BANA of the Settlement and the Releases therein; (iii) are reasonably calculated under the circumstances to apprise all interested parties of the right to object to the Settlement and the Final Approval Order, the right of Receivership Claimants to opt out of the Settlement, and the right to appear at the Final Approval Hearing; (iv) constitute due, adequate, and sufficient notice; (v) meet all requirements of applicable law, including the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vi) will provide to all Persons a full and fair opportunity to be heard on these matters. Therefore:

a. The Receiver is directed to, no later than ten (10) calendar days after entry of this Preliminary Approval Order, cause the Notice in substantially the same form attached as Exhibit B to the Settlement Agreement to be sent to all known Receivership Claimants via electronic mail, if known, or first class mail.

b. The Receiver is directed to, no later than ten (10) calendar days after entry of this Preliminary Approval Order, cause the Notice in substantially the same form attached as Exhibit B to the Settlement Agreement to be posted on the Receiver's website (https://profitconnect-receivership.com/) and include on his website links to access the Settlement Agreement, including all Exhibits thereto, the Motion, and this Preliminary Approval Order.

c. The Receiver is directed to promptly provide the Settlement Agreement, including all Exhibits thereto, the Motion, and this Preliminary Approval Order, to any Person who requests such documents via email to

3

10543575.1

contact@profitconnect-receivership.com, or by telephone, by calling (503) 980-3711. The Receiver may provide such materials in the form and manner that the Receiver deems most appropriate under the circumstances of the request.

    d.  No less than ten (10) calendar days before the Final Approval Hearing, the Receiver shall cause to be filed with the Clerk of this Court written evidence of compliance with subparts (a)-(c) of this Paragraph, which evidence may be in the form of an affidavit or declaration.

IV.  <u>Objections and Appearances at the Final Approval Hearing</u>: Any Person who wishes to object to the terms of the Settlement Agreement or the Final Approval Order, or who wishes to appear at the Final Approval Hearing, must do so by mailing or emailing a written objection to the Receiver: American Fiduciary Services LLC, Attn: Profit Connect Receivership, 715 NW Hoyt Street #4364, Portland, Oregon 97208, contact@profitconnect-receivership.com. Objections must be postmarked or emailed by September 26, 2025, and:

    a.  contain the name, address, telephone number, and an e-mail address of the person filing the objection;

    b.  contain the name, address, telephone number, and e-mail address of any attorney representing the person filing the objection;

    c.  be signed by the person filing the objection, or his or her attorney;

    d.  state, in detail, the basis for any objection;

    e.  attach any document the Court should consider in ruling on the Settlement Agreement and the Final Approval Order; and

    f.  if the person filing the objection wishes to appear at the Final Approval Hearing, make a request to do so.

The Receiver is directed to compile all submitted objections into a single pleading and file them with the Court at least fourteen (14) before the Final Approval Hearing. Any Person submitting an objection shall be deemed to have submitted to the jurisdiction of

4

10543575.1

this Court for all purposes of that objection, the Settlement Agreement, and the Final Approval Order. Potential objectors who do not present opposition by the time and in the manner set forth above shall be deemed to have waived the right to object (including any right to appeal) and shall be forever barred from raising such objections in this action or any other action or proceeding. Persons do not need to appear at the Final Approval Hearing or take any other action to indicate their approval. The Court may decline to permit anyone who fails to file a written objection as set forth in subparts (a) through (f) of this paragraph to appear at the Final Approval Hearing. The Court will exercise discretion as to whether it wishes to hear from any Person who fails to make a timely written objection.

V. <u>Requests for Exclusion</u>: Any Receivership Claimant who wishes to be excluded from the Settlement (or opt out) must do so by mailing or emailing a written Request for Exclusion to the Receiver: American Fiduciary Services LLC, Attn: Profit Connect Receivership, 715 NW Hoyt Street #4364, Portland, Oregon 97208, contact@profitconnect-receivership.com. Requests for Exclusion must be postmarked or emailed by September 26, 2025, and must include the Person's name, address, email address, phone number, amount of alleged claim against the Receivership Estate, and a description of how the claim arose. The Receiver is directed to compile a list of all Persons that submitted Requests for Exclusion and file such list with the Court at least fourteen (14) before the Final Approval Hearing.

VI. <u>Responses to Objections</u>: Any Party to the Settlement Agreement may respond to an objection filed pursuant to Paragraph IV by filing a response in this Action no later than seven (7) days before the Final Approval Hearing. To the extent any Person emailing or mailing an objection cannot be served by action of the Court's CM/ECF system, a response must be served to the email and/or mailing address provided by that Person.

VII. <u>Adjustments Concerning Hearing and Deadlines</u>: The date, time, and place for the Final Approval Hearing, and the deadlines and date requirements in this Preliminary Approval Order, shall be subject to adjournment or change by this Court without further notice other than that which may be posted by means of ECF. If no objections are timely filed or if

10543575.1

the objections are resolved prior to the Final Approval Hearing, the Court may cancel and proceed without a Final Approval Hearing.

VIII.    <u>Final Approval Order</u>: The Court preliminarily approves the form and substance of the Final Approval Order attached as Exhibit C to the Settlement Agreement. If the Settlement is approved by the Court following the Final Approval Hearing, the Final Approval Order will be entered as described in the Settlement Agreement in substantially the form as Exhibit C.

IT IS SO ORDERED.

DATED: June 25, 2025

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE