Kara Hendricks, Esq.
Nevada Bar No. 07743
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 938- 6856
Facsimile: (702) 792-9002
hendricksk@gtlaw.com

Kyra E. Andrassy, Esq.
Admitted *Pro Hac Vice*
RAINES FELDMAN LITTRELL LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California  92626
Telephone:  (310) 440-4100
kandrassy@raineslaw.com

*Attorneys for Receiver,*
*Geoff Winkler of American Fiduciary Services*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PROFIT CONNECT WEALTH SERVICES, INC., JOY I. KOVAR, and BRENT CARSON KOVAR,<br><br>Defendants. | Case No. 2:21-cv-01298-JAD-BNW<br><br>**SIXTEENTH STATUS REPORT OF GEOFF WINKLER, RECEIVER FOR PROFIT CONNECT WEALTH SERVICES, INC.** |

Geoff Winkler of American Fiduciary Services, LLC, the permanent receiver for Profit Connect Wealth Services, Inc., and any subsidiaries and affiliates (together, "Profit Connect") submits his Sixteenth Status Report (the "Report") regarding the receivership pursuant to Local Rule 66-4(b).

**I.    SUMMARY OF THE RECEIVER'S OPERATIONS (LR 66-4(b)(1))**

The Securities and Exchange Commission initiated this action against Profit Connect, Ms. Kovar, and Mr. Kovar on July 8, 2021, when it filed an ex parte complaint and motion for

temporary restraining order seeking, among other things, the freezing of defendants' assets and the appointment of a receiver over Profit Connect. On July 23, 2021, the Defendants stipulated to modifying the temporary restraining order to appoint Geoff Winkler as the Temporary Receiver, giving him limited powers. On August 6, 2021, following another stipulation of the parties, the Court converted the temporary restraining order to a preliminary injunction and appointed the Temporary Receiver as the Permanent Receiver of Profit Connect. See Receivership Order (ECF No. 26.)

After appointment, the Receiver and his team attempted to find a solution that would allow Profit Connect to continue to operate legally and profitably to maximize return to investors. The Receiver, his staff, and the Forensic IT team spent several weeks collecting and reviewing data, communicating with Profit Connect parties, observing operations, and documenting assets and information. After determining that there was no viable business to continue operating, the Receiver terminated the employees and closed the offices, only retaining a few employees on a contract basis to assist with the wind-down of operations and preparation for the sale of the personal property.

Since the completion of the Investigation and Forensic Accounting Report (ECF No. 111) in August 2022, the Receiver and his team have identified third-party recovery opportunities and analyzed the accounting to determine the recommended claims process. A hearing on June 13th, 2023, began the 90-day claims process. Anyone intending to make a claim against the receivership estate was required to file a claim no later than September 11, 2023 (the "Claims Bar Date"), or their claims may be forever barred. The Receiver finished the receipt of the audit of claims in a previous reporting period. Per the Order Granting Motion for Order in Aid of Receivership Approving Interim Distribution (ECF No. 222), the Receiver prepared and distributed $8,000,000 of the funds on hand, less the reserved funds per the Court, to allowed claimants on December 20th, 2024. No other interim distributions have been made.

The Receiver is actively working with claimants whose distributions have not cleared the bank or otherwise have questions on distributions.

///

The breakdown of cash flows and the current balance sheet are as follows:

**SEC v. Profit Connect Wealth Services, Inc. et al**
**Summary Cash Flow Statement**
**April 1, 2025 - June 30, 2025**

| | |
|---|---:|
| *Cash at Beginning of Period* | *2,412,635* |
| **Cash Inflows** | |
| Third-Party Litigation Income | 2,617 |
| Interest Income | 3,000 |
| *Total Cash Inflows* | *5,617* |
| **Cash Outflows** | |
| Disbursements to Investors | (11,961) |
| Receiver Fees and Expenses | (43,555) |
| Receiver's Attorney and Other Professional Fees | (32,686) |
| Third-Party Litigation Expenses | - |
| *Total Cash Outflows* | *(88,202)* |
| *Cash at End of Period* | *2,330,050* |

**SEC v. Profit Connect Wealth Services, Inc. et al**
**Summary Balance Sheet**
**June 30, 2025**

| | |
|---|---:|
| **Assets** | |
| EWB Account | 2,330,050 |
| Real Property | - |
| Professional Liability Litigation** | 5,000,000 |
| Third Party Litigation** | 2,207,490 |
| *Total Assets* | *9,537,540* |
| **Liabilities** | |
| Total Remaining Claims | 14,127,355 |
| Accrued Professionals | 480,340 |
| *Total Liabilities* | *14,607,695* |
| **Equity** | |
| Retained Earnings | (5,070,155) |
| *Total Equity* | *(5,070,155)* |

** Values Currently Estimated and Subject to Change

## II.  INVENTORY OF ASSETS AND ESTIMATE VALUE (LR 66-4(b)(2))

At the end of this Reporting Period, the Receiver is holding $2,330,050 in cash belonging to Profit Connect. The total value of assets is estimated to be $9,537,540 inclusive

of the above-mentioned cash. Specifically, there is an estimated $5,000,000 in professional liability litigation and $2,207,490 to be recovered in third-party litigation. The final amount recovered may vary based on the outcome of litigation. The standardized fund accounting report for the period April 1, 2025 through June 30, 2025, is attached to this report as **Exhibit A.**

### III.    SCHEDULE OF RECEIVER'S RECEIPTS AND DISBURSEMENTS (LR 66- 4(b)(3))

In addition to the foregoing, please see **Exhibit B.**

### IV.    OTHER ITEMS TO REPORT

#### A.    Current and Proposed Litigation

As the Court is aware, the Receiver has initiated several proceedings in an attempt to recover additional funds owed to Profit Connect.

##### 1.    *Texas Action Against Nicholas, Sutton and Allianz*

As referenced in prior reports, the Receiver, by and through contingency fee counsel, filed an action which is pending in the United States District Court, Northern District of Texas, Lubbock Division and assigned Case No. 5:23-cv-00074-C (the "Texas Action"). The Defendants in the Texas Action were Jeffrey Nicholas, Troy Sutton and Allianz Life Financial Service, LLC ("Allianz"). This Court approved settlement agreements with Mr. Sutton and Allianz and the Receiver was prepared to go to trial on his claims relating to Mr. Nicholas on July 14, 2025. On eve of trial the Receiver was able to reach a preliminary settlement with Mr. Nicholas. Draft documents memorializing the settlement agreement have been provided to Mr. Nicholas counsel for review and comment. The Receiver will file a motion seeking court approval of the settlement agreement after final documents are received.

##### 2.    *Legal Malpractice Claim*

The Receiver initiated claims in the Eighth Judicial District of Clark County Nevada, known as Case No. A-23-880842 against Dale A. Hayes, Jr., Hayes Wakayama LLC, the Hayes Law Firm, the Hayes Law Firm LLC, and Hayes Wakayama Juan ("Hayes Litigation"). Discovery is currently underway. Both the Receiver and Mr. Hayes have been deposed and the Receiver is attempting to resolve the matter.

### 3. *Claims Against Former Employees and Promoters*

On July 23, 2025, the Receiver filed a Motion for Order in Aid of Receivership Authorizing Receiver to Pursue Clawback Actions Against Former Promoters and Employees of Profit Connect ("Promoter Motion")(ECF No. 244). A copy of the Promoter Motion and the draft complaint attached thereto was sent to the proposed defendants. A hearing on the Promoter Motion is scheduled for August 18, 2025 at 11:30.

### B. Future Litigation and Clawback Actions

The Receiver continues to evaluate additional avenues to recover funds for the Estate including potential targets for litigation.

### 1. *Proceedings Against a Financial Institution*

The Court approved the Receiver's retention of special litigation counsel to investigate and potentially pursue claims against a financial institution.

During this reporting period, the Court approved the Receiver's Settlement with Bank of America,. N.A, the form and content of the notice to be provided to investors, and scheduled a final approval hearing (ECF. No. 242). Notice has been sent as directed by the Court and the final approval hearing will be held on October 17, 2025, at 10:00 a.m.

### 2. *Claims Against Credit Card Companies*

The Receiver identified constructive fraudulent transfer claims against a number of credit card companies that received payments from Profit Connect for debts that it did not owe. On January 4, 2024, the Court granted the Receiver's Motion for Order in Aid of Receivership Authorizing the Receiver to Pursue Clawback Actions and Approving Settlement Parameters (ECF No. 169). The Receiver has resolved all but one of these disputes, with a third tentatively settled and in the documentation stage. To date, the Receiver has received in excess of $558,000 from resolution of claims against credit card companies, not including the settlement with Bank of America. One potential claim against Chase Bank remains pending. There is a tolling agreement in place through September 30, 2025, and the Receiver has subpoenaed records from a third party in order to assist the Receiver and Chase in determining whether the charges were personal or business-related. This information should facilitate the resolution of this last action.

ACTIVE 713492574v1

### 3. *Future Third Party Litigation and Clawback Actions*

The Receiver continues to evaluate additional avenues to recover funds for the Receivership Estate.

## V. RECOMMENDATION OF THE RECEIVER (LR 66-4(b)(5))

The Receiver has determined that Profit Connect was not operating a viable business and was quickly dissipating investor funds. So that the Receiver can continue to identify assets and claims and pursue them for the benefit of the receivership estate, the Receiver recommends that the receivership continue.

## VI. CONCLUSION

Assuming the Court authorizes the Receiver to undertake the actions recommended herein, as well as to continue those actions provided for in the Appointment Order and any subsequent orders, the Receiver proposes to submit further interim reports to this Court, addressing his progress, findings, final conclusions, and additional recommendations, approximately every 90 days.

Accordingly, and based on the foregoing, the Receiver respectfully requests that the Court enter an order:

1. Accepting this Sixteenth Status Report;

2. Authorizing the Receiver to continue to administer the Receivership Entities and their estate in accordance with the terms of the Appointment Order;

3. Authorizing the Receiver to undertake the recommendations presented herein, including a continued engagement of those professionals he deems necessary for the proper administration of the Receivership Entities and their estate;

///
///
///
///
///
///

ACTIVE 713492574v1

4. Providing such other and further relief as the Court deems necessary and appropriate.

I, Geoff Winkler, verify under penalty of perjury that the statements made in the foregoing report are true and correct to the best of my knowledge.

DATED this 31st day of July, 2025.

_____
GEOFF WINKLER
Receiver

Submitted by:
GREENBERG TRAURIG, LLP

/s/ Kara B. Hendricks
Kara Hendricks, Esq.
Nevada Bar No. 07743
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 938- 6856
Facsimile: (702) 792-9002
**Attorneys for Receiver, Geoff Winkler of American Fiduciary Services**

ACTIVE 713492574v1

**CERTIFICATE OF SERVICE**

I hereby certify that, on the **31st day of July, 2025**, a true and correct copy of the foregoing was filed electronically via the Court's CM//ECF system. Notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

          */s/ Evelyn Escobar-Gaddi*
An employee of GREENBERG TRAURIG, LLP

ACTIVE 713492574v1

| | INDEX OF EXHIBITS |
|---|---|
| **EXHIBIT** | **DESCRIPTION** |
| **A** | STANDARDIZED FUND ACCOUNT REPORT |
| **B** | EAST WEST BANK RECEIVERSHIP ACCOUNT (A/E 0015) |

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938-6856

ACTIVE 713492574v1