
KARA HENDRICKS, ESQ.
Nevada Bar No. 07743
KYLE A. EWING, ESQ.
Nevada Bar No. 014051
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 938-6856
Facsimile:  (702) 792-9002
hendricksk@gtlaw.com

KYRA E. ANDRASSY, ESQ.
Admitted *Pro Hac Vice*
RAINES FELDMAN LITTRELL LLP
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
kandrassy@raineslaw.com

*Attorneys for Receiver*
*Geoff Winkler of American Fiduciary Services*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:21-cv-01298-JAD-BNW |
| Plaintiff, | **FINAL ORDER APPROVING RECEIVER'S SETTLEMENT WITH BANK OF AMERICA, N.A.** |
| v. | |
| PROFIT CONNECT WEALTH SERVICES, INC., JOY I. KOVAR, and BRENT CARSON KOVAR, | **Final Approval Hearing:**<br>DATE:  October 17, 2025<br>TIME:  10:00 a.m. |
| Defendants. | |

This matter came before the Court for a duly noticed hearing on October 17, 2025, at 10:00 a.m. at the United States District Court for the District of Nevada, Las Vegas Division, 333 Las Vegas Boulevard South, Courtroom 6D, Las Vegas, NV 89101 (the "Final Approval Hearing"), upon the *Motion to Approve Settlement with Bank of America, N.A.* [ECF No. 237] (the "Motion"), by Geoff Winkler (the "Receiver") as the court-appointed receiver of Profit Connect Wealth

Services, Inc. Due and adequate notice of the proposed Settlement Agreement with Bank of America, N.A., having been provided, the Final Approval Hearing having been held before the Honorable Jennifer A. Dorsey with appearances as noted on the record, and the Court having considered all papers filed, including any objections, and proceedings had herein and having heard the arguments of counsel, and otherwise being fully informed in the premises and good cause appearing, the Court GRANTS the Motion.

The Motion seeks court approval of a proposed settlement (the "Settlement") between the Receiver and Bank of America, N.A. ("BANA"). The terms of the Settlement are contained in the Settlement Agreement and Release (the "Settlement Agreement") attached as Exhibit 1 to the Declaration of Geoff Winkler submitted in support of the Motion. Capitalized terms not otherwise defined in this order shall have the meaning assigned to them in the Settlement Agreement. The Settlement Agreement is conditioned on the Court's approval of the Settlement and entry of this Final Approval Order.

On June 25, 2025, the Court entered a Preliminary Approval Order [ECF No. 242] that, among other things, (i) preliminarily approved the Settlement, (ii) approved the form, content, and manner of the notice to be provided to affected Receivership Claimants, and (iii) established the schedule for approval of the Settlement and the Final Approval Hearing. The Receiver has filed a declaration with the Court detailing his compliance with the notice and other requirements of the Preliminary Approval Order [ECF No. 257].

Accordingly, for the reasons stated herein and on the record, the Court enters this Final Approval Order, finding that the terms of the Settlement are adequate, fair, and reasonable, and APPROVES the Settlement.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED in its entirety.

2. Terms used in this Order are defined in the Settlement Agreement, unless expressly otherwise defined in this Order.

3. The Court "has broad powers and wide discretion to determine the appropriate relief in [this] equity receivership[,]" including the authority to approve settlements and enter

injunctive relief, bar orders and other equitable remedies. *See S.E.C. v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005); *see In re Consol. Pinnacle W. Securities Litig./Resol. Tr. Corp.-Merabank Litig.*, 51 F.3d 194, 197 (9th Cir. 1995).

4. The Court has jurisdiction over the subject matter of this action, and the Receiver is the proper party to seek entry of this Order.

5. The Court finds that the methodology, form, content, and dissemination of the Notice attached as Exhibit B to the Settlement Agreement: (i) were implemented in accordance with the requirements of the Preliminary Approval Order; (ii) constituted the best practicable notice; (iii) were reasonably calculated under the circumstances to apprise all Receivership Claimants of the Settlement Agreement, the releases therein, and the provisions of this Order; (iv) were reasonably calculated under the circumstances to apprise all interested parties of the right to object to the Settlement Agreement and this Order, the right for Receivership Claimants to exclude themselves from the Settlement, and to appear at the Final Approval Hearing; (v) were reasonable and constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law, including, without limitation, the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

6. The Court finds that the Settlement Agreement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The Parties have represented that material components of the Settlement Agreement include: (a) the release of all claims arising out of or related to the events leading to these proceedings that have been, could have been, or could be asserted against BANA or against any of the other Releasees by the Receiver and Receivership Claimants receiving a distribution from the Settlement Payment and (b) the bar order set forth in paragraph 9 below. This Order is therefore necessary and appropriate to obtain relief for the Receivership Estate and Receivership Claimants pursuant to the Settlement Agreement.

7. The Court finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over,

or asserting a Claim against any BANA, including but not limited to the Receivership Claimants and the Receiver. The Settlement Agreement is fully and finally approved. The Parties are directed to implement and consummate the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement and this Order.

8. Pursuant to the Settlement Agreement, as of the Effective Date, and upon receipt of the Settlement Payment by the Receiver, the Receiver and all Non-Optout Receivership Claimants that receive a distribution from the net proceeds of the Settlement shall be deemed to have fully, finally, and forever released BANA and the other Releasees from all claims relating to Profit Connect or the Profit Connect Scheme, as fully set forth in Section 8 of the Settlement Agreement, and shall be forever be barred and enjoined from commencing, instituting, prosecuting, maintaining, or seeking monetary or other relief respecting any and all of such claims against BANA or against any other Releasees.

9. The Court permanently bars, restrains, and enjoins each of the Non-Optout Receivership Claimants that receive a distribution from the net proceeds of the Settlement, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, prosecuting, against BANA or against any other Releasees, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature in any state or federal court, arbitration proceeding, or other forum in the United States, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the claims and matters released in Section 8 of the Settlement Agreement. Nothing in the foregoing shall preclude any Non-Optout Receivership Claimant from cooperating with governmental authorities in a lawful manner or responding to a valid subpoena.

10. Notwithstanding anything to the contrary in this Final Approval Order or the Settlement Agreement, the foregoing releases and bar do not release the Parties' rights and obligations under the Settlement Agreement or preclude the Parties from seeking to enforce or effectuate the terms of the Settlement Agreement.

11. Nothing in this Final Approval Order or the Settlement Agreement and no aspect of the Settlement Agreement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the Parties with regard to any of the complaints, claims, allegations or defenses in any proceeding.

12. BANA is ordered to pay or cause to be paid the Settlement Payment ($1,825,000.00) as described in the Settlement Agreement. The Receiver is directed to make distributions using the net proceeds of the Settlement Payment to the Non-Optout Receivership Claimants with allowed claims pursuant to the Court's Order Granting Motion for Order in Aid of Receivership Allowing and Disallowing Claims [ECF Nos. 181, 191]. The Receiver is authorized to pay from the Settlement Payment the total sum of three hundred sixty-five thousand dollars ($365,000.00) to his special litigation counsel Levine Kellogg Lehman Schneider + Grossman LLP, which sum constitutes a 20% contingency fee voluntarily reduced from the Court-approved 25% fee. [ECF Nos. 142, 147]. The Parties are ordered to act in conformity with all other provisions of the Settlement Agreement.

13. The terms of the Settlement Agreement and of this Final Approval Order shall be binding on the Receiver, Profit Connect, the Non-Optout Receivership Claimants, and BANA, as well as their respective successors and assigns.

14. The Court finds and determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for any delay in the entry of this Final Approval Order, which is both final and appealable as a final judgment of the Court, and immediate entry by the Clerk of the Court is so ordered.

15. Without in any way affecting the finality of this Order, the Court retains continuing jurisdiction over the Parties for purposes of, among other things, the administration, interpretation, consummation, and enforcement of this Final Approval Order and the Settlement Agreement, including, without limitation, the injunctions and releases herein, and to enter orders concerning the distribution of the Settlement Payment.

16. The Receiver shall cause this Final Approval Order to be served via e-mail or first-class U.S. mail on all known Receivership Claimants.

IT IS SO ORDERED.

DATED: 10/17/25

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE